UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GIDDY HOLDINGS, INC., | § | No. 1:22–CV–904–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| IDEAS, INC. f/k/a INTEGRATED | § | |
| DESIGN ENGINEERING AND | § | |
| ANALYSIS SERVICES, INC., | § | |
| | § | |
| Defendant. | | |

_____

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("R&R") filed by Magistrate Judge Susan Hightower ("Judge Hightower" or the "Magistrate Judge") on April 20, 2023. (Dkt. # 23.)

On September 8, 2022, Plaintiff Giddy Holdings, Inc. ("Giddy") filed this case against IDEAS, Inc. ("IDEAS"). (Dkt. # 1.) On October 31, 2022, IDEAS filed a Motion to Dismiss or Transfer in the Alternative. (Dkt. # 15.) Giddy filed a Response on November 14, 2022 (Dkt. # 16), and IDEAS filed a Reply on November 21, 2022. (Dkt. # 17.) Judge Lee Yeakel referred the Motion to Dismiss to Judge Hightower on December 12, 2022. (Dkt. # 18.) Judge

Hightower issued the instant R&R on April 20, 2023. (Dkt. # 23.) Judge Yeakel transferred this case to the undersigned on May 4, 2023. (Dkt. # 24.)

The Court finds its review of the R&R suitable for disposition without a hearing. After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's R&R in full. (Dkt. # 23.) The case is **DISMISSED WITHOUT PREJUDICE** and the Clerk is **INSTRUCTED** to **CLOSE THE CASE**.

## LEGAL FRAMEWORK

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Any party who desires to object to a magistrate judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. FED. R. CIV. P. 72(b)(2). Findings to which no specific objections are made are reviewed based on whether they are clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Because neither party has submitted objections, the Court reviews the R&R for clear error. See id. Giddy is a Delaware corporation with its principal place of business in Texas, and IDEAS is an Ohio corporation with its principal

place of business in North Canton, Ohio. (Dkt. # 1.) This case was removed to this Court from state court in Travis County, Texas. (Id.) This suit arises from a dispute about a contract under which Giddy paid IDEAS to create manufacturing molds and manufacture a product for Giddy. (Dkt. # 1-1 at 5.) In its Complaint, Giddy alleges (1) replevin and detinue and (2) conversion, owing to IDEAS' continued control over the molds, which are located in China. (Id. at 7.)

### I.     General Principles of Personal Jurisdiction

"A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant . . . the forum state's long-arm statute must confer personal jurisdiction [and] the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." Pervasive Software Inc. v. Lexware GmbH & Co. KG, 688 F.3d 214, 220 (5th Cir. 2012). Because Texas's long-arm statute has been interpreted to extend to the limits of due process, the Court need only determine whether subjecting the defendant to suit in Texas in this case would be consistent with the Due Process Clause of the Fourteenth Amendment. See id.

"The Fourteenth Amendment allows a court to assert personal jurisdiction over defendants who have meaningful 'contacts, ties, or relations' with the forum state. Such contacts can give rise to general or specific jurisdiction." Stroman Realty, Inc. v. Antt, 528 F.3d 382, 385 (5th Cir. 2008) (quoting Int'l Shoe

Co. v. Washington, 326 U.S. 310, 319 (1945)). However, the Fourteenth Amendment also "limit[s] the power of a State to assert in personam jurisdiction over a nonresident defendant." Helicopteros Nactionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413–414 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)).

Where a defendant has "'continuous and systematic general business contacts' with the forum state," the forum may exercise general personal jurisdiction over the defendant. Antt, 528 F.3d at 385 (quoting Helicopteros, 466 U.S. at 415 n.9) (finding the Texas district court improperly exercised general jurisdiction over officials from California and Florida who did not have an office in Texas or sufficient contacts with Texas giving rise to general jurisdiction). If a Defendant's contacts "are less pervasive, courts may exercise 'specific jurisdiction' in 'a suit arising out of or related to the defendant's contact with the forum.'" Id. (quoting Helicopteros, 466 U.S. at 415 n.9).

The plaintiff bears the burden of proof to demonstrate personal jurisdiction. Nuovo Pignone, PsA v. Storman Asia M/V, 310 F.3d 374, 378 (5th Cir. 2002); Elly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000). Courts in the Fifth Circuit evaluate whether exercise of both general and specific personal jurisdiction is consistent with the Due Process Clause by applying a three-part test, considering:

> (1) [W]hether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum

state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Nuovo Pignone, 310 F.3d at 378 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).  If a defendant's contacts with the forum state are insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment, the court must dismiss the case for lack of personal jurisdiction.  Id.

## II. No personal jurisdiction exists over IDEAS

Giddy concedes that general jurisdiction does not exist, arguing only that the Court has specific personal jurisdiction over IDEAS.  (Dkt. # 16 at 5.)  The Magistrate Judge applied the correct legal test to determine the existence of specific jurisdiction; asking: (1) whether IDEAS purposely directed its activities toward Texas or purposely availed itself of the privileges of conducting activities there; (2) whether Giddy's cause of action arises out of or results from IDEAS' Texas-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.  See Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (quoting Nuovo Pignone, 310 F.3d at 378).  The Court may exercise jurisdiction when a "nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state." Guidry v. United States Tobacco Co., 188 F.3d 619, 628 (5th Cir.1999).

The Fifth Circuit has made clear that where the "intentional tort alleged is conversion, . . . the wrongful exercise of dominion and control over another's property must occur in the forum state to establish personal jurisdiction." Libersat v. Sundance Energy Inc., 978 F.3d 315, 323 (5th Cir. 2020) (internal citations and quotations omitted) (affirming dismissal for lack of personal jurisdiction over conversion claim where defendant, a Colorado company, was alleged to be wrongfully exercising control over money in Colorado); see also Pervasive Software Inc., 688 F.3d at 229 (finding no specific jurisdiction over conversion claim where "[t]here is no allegation or evidence that [defendant] acted to exercise dominion and control over the Btrieve software in any country other than Germany."). Such is not the case here: the molds were manufactured by an IDEAS-contracted subcontractor in China, and have been and remain in China. (Dkt. # 15-2 at 2-5.) Accordingly, the Court lacks jurisdiction over Giddy's conversion claim and its replevin/detinue claim, which arises from the same conduct.

Jurisdiction "must not be based on the fortuity of one party residing in the forum state." McFadin v. Gerber, 587 F.3d 753, 760, 762 (5th Cir. 2009) (finding no personal jurisdiction over nonresident defendant despite injury in Texas because defendant had not "directed [actions] towards Texas in any manner."). Giddy contends that IDEAS availed itself of Texas's law and

regulations by having "regular and continuous contract with Giddy in Texas, through phone calls and other electronic communications," and mailing physical samples of the end-product produced by the mold to Giddy's offices. (Dkt. # 16 at 8.) These actions demonstrate *Giddy's* connection to Texas, not IDEAS' purposeful availment. IDEAS has no offices, bank accounts, or employees in Texas. (Dkt. # 15-1 at 2-3.) IDEAS did not solicit Giddy's business in Texas. (Id.) And the end-product is not at issue, just IDEAS' retention of the molds.

The Magistrate Judge's conclusion that the Court lacks personal jurisdiction over this case was not in clear error. Because the Court's finding of no personal jurisdiction resolves the motion to dismiss, the Court need not address IDEAS' other basis for dismissal. See Pervasive Software Inc., 688 F.3d at 232 (affirming district court's decision to "dispose of the personal jurisdiction issue first and [ ] not proceeding further after concluding that it lacked personal jurisdiction").

## CONCLUSION

The Court **ADOPTS** the R&R as the opinion of the Court. (Dkt. # 23.) IDEAS' Motion to Dismiss is **GRANTED**. (Dkt. # 15.) The case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **INSTRUCTED** to **CLOSE** the **CASE**.

**DATED**: Austin, Texas, June 22, 2023.

_____
David Alan Ezra
Senior United States District Judge